IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| KEVIN L. PARKER, et al., | ) ) |
| Defendants. | |

Case No. 3:11-cv-00184-JPG-DGW

**ORDER**

This matter is before the Court on the Bank of New York Mellon's Motion for Service by Publication (Doc. 8), filed on June 22, 2011. In this foreclosure action brought pursuant to 28 U.S.C. § 1391, the Deutsche Bank National Trust Company seeks to foreclose the mortgage of a property in St. Clair County, Illinois. Plaintiff alleges that the mortgagor, Kevin L. Parker, has not paid the monthly installments of principal, interest, taxes, and/or insurance from September 1, 2010, through the present, causing the secured note to be in default and arrears in the amount of $104,052.13, with interest accruing on the unpaid balance at $28.04 per day, plus attorneys' fees, foreclosure costs, late charges, advances, and expenses incurred by Plaintiff as a result of the default. Plaintiff seeks a judgment of foreclosure and sale, and other remedies.

A summons was issued as to Kevin L. Parker on June 1, 2011, but it was returned unexecuted. In the instant motion, Plaintiff states that despite diligent efforts to determine the whereabouts of Kevin L. Parker, he cannot be found and now requests that the Court enter an order for service by publication in a newspaper pursuant to 28 U.S.C. § 1655 (Doc. 8).

In a real property action to enforce a lien upon, or claim to, real property where personal service is not practicable, the court may order the absent defendant to appear or plead by a day

certain. 28 U.S.C. § 1655. Where personal service on the absent defendant is not practicable, the order shall be published, as the court may direct, not less than once a week for six consecutive weeks. *Id.* If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. *Id.*

In this case, the Court is satisfied that personal service on Defendant Kevin L. Parker is not practicable, considering Plaintiff's contention that despite diligent efforts to learn of the current whereabouts of Defendant Parker, it has no knowledge of his current residence or where he might be found. Therefore, the Motion for Service by Publication (Doc. 8) is **GRANTED**.

The Court directs that Plaintiff affect service by publication "in a newspaper published in the county where the property is located, or if there is no such newspaper, in a newspaper with general circulation where the property is located," Fed. R. Civ. P. 71.1(d)(3)(B), at least once a week for six consecutive weeks, to commence the week beginning **June 30, 2011**, a notice that contains the following information: (1) the court; (2) the title of the action; (3) the name of the defendant to whom it is directed; (4) the nature of the action; (5) a description of the property sufficient for its identification; (6) the interest to be taken; (7) the authority for taking; (8) the uses for which the property is being taken; (9) the time for answering the complaint; (10) the penalty for failing to answer; and (11) that any defendant who chooses not to file an answer may nevertheless file a notice of appearance. The notice must also include the name, telephone number, and email address of the Plaintiff's attorney, as well as an address within the district in

which the suit is brought where that attorney may be served.  Fed. R. Civ. P. 71.1(d)(2).  The Court **DIRECTS** that Defendant Kevin L. Parker **SHALL** appear or plead by **August 11, 2011**.

**IT IS SO ORDERED.**

**DATED: June 23, 2011**

_____
**DONALD G. WILKERSON**
**United States Magistrate Judge**